Bland v. United States

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand fourteen.

PRESENT: GUIDO CALABRESI,
         DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
                    **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - -X
ANTONIO BLAND, SR.,
         **Petitioner-Appellant**,

         **-v.-**                              13-0746

UNITED STATES,
         **Respondent-Appellee**.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              GEORGIA J. HINDE, New York, New
                           York.

FOR APPELLEES:             NATHAN REILLY, Assistant U.S.
                           Attorney, (David C. James,
                           Assistant U.S. Attorney, on the
                           brief), for Loretta E. Lynch,
                           United States Attorney, Eastern

District of New York, Brooklyn, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Korman, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED**.

Antonio Bland, Sr., appeals from an order of the United States District Court for the Eastern District of New York (Korman, J.), denying his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On appeal, Bland contends that his counsel at sentencing was ineffective for failing to argue that his prior state convictions were not violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 922(e) ("ACCA"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is reviewed de novo." Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000) (internal quotation marks omitted).

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's performance was "deficient" as measured by an "objective standard of reasonableness," and (2) actual prejudice resulted. Strickland v. Washington, 466 U.S. 668, 687–88 (1984). With respect to the second element, "a petitioner cannot show prejudice if the claim or objection that an attorney failed to pursue lacks merit." Harrington v. United States, 689 F.3d 124, 130 (2d Cir. 2012) (citations omitted).

The ACCA raises the sentence of a felon convicted of possessing a firearm to a mandatory minimum term of fifteen years when the felon "has three previous convictions . . . for a violent felony . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). "Violent felony" includes (among other offenses) "any crime punishable by imprisonment for a term greater than one year" that "has as an element the use, attempted use, or threatened use of

physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).

It is undisputed that Bland has three prior convictions in North Carolina for assault with a deadly weapon inflicting serious injury (a crime punishable by imprisonment for a term greater than one year), in violation of N.C. Gen. Stat. § 14-32(b).  The four elements of that offense are: "(1) an assault, (2) with a deadly weapon, (3) inflicting serious injury, (4) not resulting in death." State v. Jones, 538 S.E.2d 917, 922 (N.C. 2000).  For purposes of the North Carolina offense, an assault is "an overt act or attempt, with force or violence, to do some immediate physical injury to the person of another, which is sufficient to put a person of reasonable firmness in fear of immediate physical injury." Id. (internal quotation marks omitted).  Obviously, an assault with a deadly weapon that actually inflicts serious bodily injury satisfies the "use, attempted use, or threatened use of physical force" element of the ACCA.  18 U.S.C. § 924(e)(2)(B)(i).  Bland argues that the North Carolina offense cannot be a "use of physical force" within the meaning the ACCA because intentional conduct is not an element.  But that is contradicted by the language of the North Carolina statute, and the way it has been interpreted by the North Carolina Supreme Court.  See, e.g., Jones, 538 S.E.2d at 922-23.  Furthermore, neither the Supreme Court nor this Court has held to date that § 924(e)(2)(B)(i) itself requires that the use of force be intentional.  As such, sentencing counsel's failure to object was not unreasonable.

For the foregoing reasons, and finding no merit in Bland's other arguments, we hereby **AFFIRM** the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK